# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

MICHAEL L. DOMMER,

      Plaintiff,

vs.

LTD FINANCIAL SERVICES, LP,

      Defendant.

No.  C20-31-LTS

**ORDER**

## I.  *INTRODUCTION AND BACKGROUND*

This case is before me on a motion (Doc. No. 18) to dismiss by defendant LTD Financial Services, L.P. (LTD).  Plaintiff Michael Dommer[1] has filed a response (Doc. No. 19) and LTD has filed a reply (Doc. No. 20).  Dommer then filed a sur-reply (Doc. No. 21) with an attached exhibit and LTD filed objections (Doc. No. 22) to the sur-reply. I find that oral argument is not necessary.  *See* Local Rule 7(c).

Dommer initiated this action on February 10, 2020, in the Iowa District Court for Linn County.  He filed his petition pursuant to Iowa's procedural statutes for small claims.  LTD removed the action to this court on March 9, 2020, based on federal question jurisdiction under 28 U.S.C. § 1331.

LTD filed a motion (Doc. No. 7) for judgment on the pleadings on May 11, 2020. I denied that motion on June 2, 2020, and directed Dommer to file an amended complaint that complied with federal pleading requirements.  *See* Doc. No. 14.  He filed a first amended complaint (Doc. No. 15) on June 10, 2020.  LTD then filed the instant motion to dismiss on July 1, 2020.

---

[1] Dommer is representing himself in this matter.

## II.    FACTUAL ALLEGATIONS

Dommer alleges LTD violated the Fair Debt Collection Practices Act (FDCPA) by telephoning his place of employment in violation on 15 U.S.C. § 1692b and failing to send him a verification of his debt in violation of 15 U.S.C. § 1692g.[2]  He alleges that on January 27, 2020, LTD called him on his personal cell phone and desk phone at his place of employment.  Doc. No. 15 at 1.  He alleges that same day he sent a request for debt validation via certified or registered mail.  *Id.*  As of June 9, 2020, Dommer alleges he has not received the requested debt validation material.  *Id.* at 2.  He claims undue stress, noting that due to the nature of his job, his employer ran a background and credit check and states that too many negative marks on a credit report could affect his job growth or ability to get new employment.  Dommer alleges that LTD's actions were intentional under § 1692k based on its pattern of behavior concerning FDCPA practices and noting it has had multiple lawsuits brought against it between 2017 and 2020.  *Id.* He seeks damages in the "same amount that [LTD] would have been charged by [its] law firm in addition to but not exceeding an additional $10,000 for stress and aggravation." *Id.*

## III.    APPLICABLE STANDARDS

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands

---

[2] Dommer's first amended complaint cites to the statute's original section numbers – §§ 804(a)(3) and 809(a) and (b) – which are codified at 15 U.S.C. §§ 1692b and 1692g(a) and (b).

more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Courts assess "plausibility" by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). While *factual* "plausibility" is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may dismiss a claim that lacks a cognizable *legal* theory. *See, e.g.*, *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Intern., Ltd. v. Lee*, 1 F. Supp. 3d 927 (N.D. Iowa 2014).

In considering a Rule 12(b)(6) motion to dismiss, ordinarily the court "cannot consider matters outside the pleadings without converting the motion into a motion for

3

summary judgment." *McMahon v. Transamerica Life Ins.*, No. C17-149-LTS, 2018 WL 3381406, at *2 n.2 (N.D. Iowa July 11, 2018); *see* Fed. R. Civ. P. 12(b)(6). On the other hand, when a copy of a "written instrument" is attached to a pleading, it is considered "a part of the pleading for all purposes," pursuant to Federal Rule of Civil Procedure 10(c). Thus, when the pleadings necessarily embrace certain documents, I may consider those documents without turning a motion to dismiss into a motion for summary judgment. *Id.*

When a complaint does not state a claim for relief that is plausible on its face, the court must consider whether it is appropriate to grant the pleader an opportunity to replead. The rules of procedure permit a party to respond to a motion to dismiss by amending the challenged pleading "as a matter of course" within 21 days. *See* Fed. R. Civ. P. 15(a)(1)(B). Thus, when a motion to dismiss highlights deficiencies in a pleading that can be cured by amendment, the pleader has an automatic opportunity to do so. When the pleader fails to take advantage of this opportunity, the question of whether to permit an amendment depends on considerations that include:

> whether the pleader chose to stand on its original pleadings in the face of a motion to dismiss that identified the very deficiency upon which the court dismissed the complaint; reluctance to allow a pleader to change legal theories after a prior dismissal; whether the post-dismissal amendment suffers from the same legal or other deficiencies as the dismissed pleading; and whether the post-dismissal amendment is otherwise futile.

*Meighan v. TransGuard Ins. Co. of Am.,* 978 F. Supp. 2d 974, 982 (N.D. Iowa 2013).

In assessing a complaint by a pro se plaintiff, the court applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation and citation omitted). "If the essence of an allegation is discernible," then the court, in applying a liberal construction to pro se complaints, "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Despite

4

the liberal construal of pro se complaints, the pro se plaintiff "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d at 914). Thus, pro se litigants "must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Id.* (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

## IV. ANALYSIS

LTD argues that Dommer has failed to state a claim under the FDCPA because he did not allege (1) that LTD is a debt collector, (2) that the debt was a consumer debt and (3) that LTD's conduct violated the FDCPA. To state a claim for a violation of the FDCPA, a plaintiff must allege (1) that he or she is a "consumer" as defined by the Act; (2) that the "debt" arises out of transactions that are primarily for personal, family, or household purposes; (3) that the defendant is a "debt collector" as defined by the Act; and (4) that the defendant violated the requirements of the FDCPA. *Smith v. Nationstar Morg., LLC*, 756 F. App'x 532, 535-36 (6th Cir. 2018). A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA defines consumer as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1629a(3). "Debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id.* § 1629a(5).

Beginning with whether Dommer has alleged acts that could constitute a violation of the FDCPA, LTD argues that contacting a person multiple times in a single day is insufficient to state a violation of the FDCPA. It cites 15 U.S.C. § 1692d, which states: "A debt collector may not engage in any conduct the natural consequence of which is to

harass, oppress, or abuse any person in connection with the collection of a debt." An example cited by the statute is "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Dommer does not claim a violation of § 1692d(5),[3] but a violation based on acquisition of location information under § 1692b. This section provides certain rules a debt collector must follow when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer. 15 U.S.C. § 1692b. It requires the debt collector to:

> (1)     identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
>
> (2)     not state that such consumer owes any debt;
>
> (3)     not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;
>
> (4)     not communicate by post card;
>
> (5)     not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and
>
> (6)     after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any

---

[3] Even if Dommer did intend to assert a claim under section 1692d(5), his allegations would be insufficient to state a claim as he does not allege any facts to support that the two calls were done with the intent to annoy, abuse or harass him.

6

person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

*Id.* Dommer alleges that on January 27, 2020, LTD called him twice – once on his personal cell phone and once on "desk phone at place of employment."[4] Doc. No. 15 at 1. Even when construed liberally, Dommer's allegations fall short of alleging a violation of § 1692b. He does not allege that LTD communicated with a person other than himself or that LTD violated any of the above-listed requirements. Even if Dommer alleged or could allege that LTD is a debt collector under the statute and the debt is consumer debt, his allegations fall short of alleging a violation of § 1692b.

To the extent these allegations could be interpreted as claiming a violation of § 1692c(a)(3), that claim would also fail. Section 1692c(a)(3) provides that without prior consent of the consumer or court permission, a debt collector may not communicate with a consumer in connection with the collection of any debt "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. § 1692c(a)(3). While Dommer does not specifically allege a violation of this statute, his factual allegations fail to state a claim of such a violation because he does not cite any facts to support that LTD knew or had reason to know Dommer's employer prohibited him from receiving such communication.

Dommer's other claim is based on a violation of §§ 1692g(a) and (b). These sections provide:

(a)    Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

---

[4] Dommer does not specify whether this was his desk phone or another employee's.

(1)      the amount of the debt;

(2)      the name of the creditor to whom the debt is owed;

(3)      a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)      a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)      a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b)      Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor

15 U.S.C. §§ 1692g(a) and (b).  To state a claim under § 1692g(b), Dommer must allege

that (1) he is a consumer; (2) that LTD is a debt collector who contacted him in an attempt

to collect a debt; (3) that he duly notified LTD in writing that he disputed the debt and (4) that LTD resumed or failed to cease debt-collection efforts without first (a) obtaining a verification of the debt or a copy of a judgment and (b) mailing a copy of the verification or judgment to the consumer. *See Dunham v. Portfolio Recovery Associates, LLC*, 663 F.3d 997, 1001 (8th Cir. 2011).

Dommer alleges that as of June 9, 2020, he has not received a validation of debt despite requesting one via certified or registered mail on January 27, 2020. Doc. No. 15 at 1. LTD argues that Dommer has not sufficiently alleged a violation of section 1692g(b) because he has not alleged that LTD failed to cease collection of the debt until it obtained and sent verification of the debt to Dommer. Doc. No. 18-1 at 7. LTD also argues Dommer has failed to state a claim under section 1692g(a) because he has not alleged that the initial communication did not contain a verification notice. *Id.* at 7, n.3.

Even when construing the first amended complaint liberally, Dommer has failed to state a claim related to the verification of his debt. Under section 1692g(a)(5), Dommer does not allege that LTD's initial communication to Dommer failed to contain a verification notice. To the extent Dommer's argument is that he requested a verification pursuant to the notice and has not yet received it, the statute is silent as to any time limitation for a debt collector to provide the verification to the consumer. Under § 1692g(b), a debt collector must:

> cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

Dommer has not alleged that LTD continued debt collection after he requested a verification. Therefore, he has failed to state a claim of a § 1692g(b) violation as well.

Because Dommer has failed to plausibly allege facts that, when construed liberally and taken as true, constitute a violation of the FDCPA, I need not consider LTD's additional arguments as to whether Dommer has plausibly alleged that LTD is a debt

9

collector or that the debt at issue is a consumer debt. Dommer's first amended complaint fails to state a claim under the FDCA and must be dismissed.

## V. CONCLUSION

For the reasons stated herein, defendant's motion (Doc. No. 18) to dismiss is **granted**. Because this order disposes of all pending claims:

1. Judgment shall enter in favor of the defendant and against the plaintiff.
2. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

**DATED** this 29th day of July, 2020.

_____
Leonard T. Strand, Chief Judge

10